**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-6467**

—————————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

GEOFFREY H. SIMMONS, JR., a/k/a Geoffrey Henderson Simmons, Jr.,

         Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:04-cr-00003-FL-1)

—————————

Submitted: March 3, 2009        Decided: March 23, 2009

—————————

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

—————————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Anne Margaret Hayes, Steve R. Matheny, Assistant United States Attorneys, Frank DeArmon Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geoffrey H. Simmons, Jr., appeals from his convictions and sentence for possession with intent to distribute cocaine, cocaine base, and marijuana, and possession of a firearm in relation to a drug trafficking crime. On appeal, Simmons' attorney has filed an Anders* brief, noting that Simmons waived the right to appeal his sentence, but questioning whether Simmons was properly sentenced under United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), both of which were decided after Simmons' sentencing. Simmons was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal on the basis of Simmons' waiver of the right to appeal in his plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th

---

* Anders v. California, 386 U.S. 738 (1967).

Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

The transcript of the plea hearing reveals that Simmons, a twenty-nine-year-old high school graduate, understood the waiver provision in his plea agreement. In his plea agreement, Simmons specifically waived the right to challenge his sentence on appeal, reserving only the right to challenge an upward departure from the Guidelines range established at sentencing, and Simmons averred at his Rule 11 hearing that he read and understood the plea agreement. We therefore conclude that Simmons knowingly and intelligently waived the right to appeal his sentence.

Turning to the scope of the waiver, the sentencing claims Simmons raises on appeal fall within the scope of the waiver provision. See id. at 169-70 (holding that waiver of right to appeal sentence in plea agreement accepted before decision in United States v. Booker, 543 U.S. 220 (2005), was

3

not invalidated by change in law). Because Simmons' valid and enforceable waiver of appellate rights precludes review of the sentencing issues raised on appeal, we grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

The waiver provision, however, only waived Simmons' right to appeal his sentence. Defense counsel does not assert any errors related to Simmons' guilty plea or convictions. However, counsel correctly notes in the response to the motion to dismiss that Simmons' appeal waiver does not preclude our review pursuant to Anders. In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not covered by the waiver and have found none. The court fully complied with the mandates of Rule 11 in accepting Simmons' guilty plea and ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny the Government's motion to dismiss in part and affirm Simmons' convictions.

Thus, the Government's motion to dismiss is granted in part and denied in part, Simmons' appeal of his sentence is dismissed, and his convictions are affirmed. This court requires that counsel inform his client, in writing, of his

4

right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>